[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12478

Non-Argument Calendar

_____

TINA MARIE BARBUTO,

Plaintiff-Appellant,

*versus*

MIAMI HERALD MEDIA COMPANY,

Defendant-Appellee,

DAVID J. NEAL,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20608-BB

_____

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

In 2019, the Miami Herald Media Company published in the *Miami Herald* newspaper two articles, written by reporter David J. Neal, about appellant Tina Marie Barbuto. The articles reported on Barbuto's role in a healthcare fraud scheme.

Barbuto sued Neal and Miami Herald in federal district court. In the first amended complaint, Barbuto alleged that Neal and Miami Herald were liable under Florida law for defamation by implication because the articles suggested that Barbuto was one of the masterminds of the fraud scheme when she was no more than a minor participant. Barbuto served each defendant with a summons and a copy of the first amended complaint. When Miami Herald failed to respond to the first amended complaint, the clerk entered default against it. *See* Fed. R. Civ. P. 55(a).

In the meantime, Neal moved to dismiss the first amended complaint. The district court granted the motion. It dismissed Barbuto's claim against Neal based on the first article with prejudice because the claim was time-barred, as Barbuto waited more than two years to bring the claim. The court dismissed Barbuto's claim against Neal based on the second article without prejudice

because she failed to comply with a Florida statute requiring a plaintiff to provide notice before bringing a defamation claim based on the publication of a newspaper article. *See* Fla. Stat. § 770.01. The district court explained that if Barbuto provided the required notice, she could file a second amended complaint bringing a defamation claim based on the second article.

After Barbuto provided Neal the required notice, she filed a second amended complaint. The second amended complaint stated that it was "directed at . . . Neal only because a Clerk's Default" had been entered against Miami Herald. Doc. 34 at 1 n.1.[1]

Neal moved to dismiss the second amended complaint. He argued that the pleading was due to be dismissed for several reasons, including because Florida law afforded a qualified privilege to the news media when it engaged in disinterested and neutral reporting on matters of public concern. According to Neal, the outcome of the government's investigation into, and prosecution of, a multi-million-dollar healthcare fraud scheme was a matter of public concern, and he engaged in disinterested, factual reporting that used government documents, including Barbuto's plea agreement and factual proffer, as sources.

The district court granted the motion and dismissed the claims against Neal with prejudice. It concluded that Neal was "protected by the fair and neutral reporting privilege[]" because it was "obvious from the face of the articles that Neal was engaging

---

[1] "Doc." numbers refer to the district court's docket entries.

in disinterested and neutral reporting about a matter of public concern—healthcare care fraud in South Florida." Doc. 49 at 9–10. Although the court acknowledged that Neal raised this privilege only in connection with the second article, the court found that its conclusion "applie[d] with equal force to both articles." *Id.* at 9 n.7.

After the district court disposed of the claims against Neal, Barbuto moved for entry of a default judgment against Miami Herald. *See* Fed. R. Civ. P. 55(b). She argued that the allegations in the first amended complaint established that Miami Herald was liable for defamation based on its publication of the first article. She asked the district court to enter a default judgment on liability, require Miami Herald to remove the article from its website, and set a hearing on damages.

The district court denied the motion on two alternative grounds. The court began by explaining that an action may have only one operative complaint at a time. As a result, when Barbuto filed the second amended complaint, it "superseded and replaced" the first amended complaint and thus "moot[ed] the entry of default based on [the] previous pleading." Doc. 60 at 3.

But the district court did not stop there. It rejected Barbuto's motion for a default judgment on a second ground, stating, "[i]n any event"—meaning even if the first amended complaint had not been superseded—the court would deny the motion for default judgment nonetheless. *Id.* at 4. The court explained that default judgments were ordinarily disfavored and that the ques-

tion whether to grant default judgment in a particular case was within a court's discretion. It stated that it was declining to exercise its discretion because "[b]ased upon the record in this case, default judgment is not warranted." *Id.* at 5.

This is Barbuto's appeal.

When a district court's ruling rests on two or more independent, alternative grounds, the "appellant must convince us that every stated ground for the judgment against [her] is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

Here, Barbuto argues on appeal that the district court erred in concluding that the second amended complaint superseded the first amended complaint and mooted the entry of default against Miami Herald. But she fails to address the district court's second ground for denying the motion for a default judgment. That is, she does not advance any argument why it was an abuse of discretion for the district court, after dismissing the claims against Neal based on the statute of limitations and Florida's fair and neutral reporting privilege, to decide that a default judgment against Miami Herald was not warranted. Given Barbuto's failure to challenge this alternative ground, we affirm. *Id.*

**AFFIRMED.**